Filed 9/24/13  P. v. Sanchez CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058134 |
| v. | (Super.Ct.No. FSB1201364) |
| GERARDO SANCHEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

Paul S. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**STATEMENT OF THE CASE**

On April 23, 2012, an information charged defendant and appellant Gerardo Sanchez with attempted second degree robbery (Pen. Code, §§ 664, 211, count 1) and assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4), count 2). The information also alleged that count 1 was a serious and violent felony. (Pen. Code, §§ 1192.7, subd. (c), 667.5, subd. (c).)

On June 15, 2012, upon motion of the People, a prior prison term allegation was added to the information. (Pen. Code, § 667.5, subd. (b).) Defendant entered into a negotiated plea agreement, pleading guilty to count 1 (attempted robbery) and admitting the prior prison term allegation. In exchange, all other counts and allegations were to be dismissed at the time of sentencing. Defendant was advised of and waived his constitutional rights.

At the sentencing hearing on July 16, 2012, the trial court stated that defendant's conviction justified probation only if unusual circumstances were present. Defense counsel argued that probation was warranted in light of defendant's youth and lack of a significant prior criminal record. (See Cal. Rules of Court, rule 4.413(c)(2)(C).)

The trial court agreed that defendant had indicated a willingness to comply with probation and that he was "relatively young." Therefore, the trial court found unusual circumstances applied and placed defendant on probation. The court then imposed a suspended four-year prison sentence in accordance with the terms of the plea agreement—the upper term of three years for attempted robbery, plus a consecutive one-year enhancement for the admitted prior prison term allegation. The court suspended

2

execution of defendant's sentence and placed him on three years' felony probation under the terms and conditions specified in the probation report. Defendant was required to serve 365 days in county jail. He received credit for time served consisting of 110 actual days plus conduct credits pursuant to Penal Code section 4019. The court also imposed various fees and fines.

On October 30, 2012, a petition to revoke defendant's probation was executed. The petition alleged that defendant had violated his probation by failing to comply with Term Nos. 3, 4, and 8. The petition stated that defendant failed to report to probation for his scheduled meeting on October 1, 2012, and that subsequent compliance checks revealed that defendant had moved without notifying his probation officer.

On November 1, 2012, defendant appeared in court and denied the allegations of the petition. The trial court revoked defendant's probation and held him in custody pending a revocation hearing.

A contested probation revocation hearing under *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*) was set in January 2013, and a supplemental probation officer's report dated December 4, 2012, was submitted to the court recommending that defendant's probation remain revoked and that the previously suspended prison sentence be executed. After several continuances, the *Vickers* hearing was held on February 4, 2013. At the conclusion of the hearing, the trial court found that defendant had violated the terms of his probation, specifically Term Nos. 3, 4, and 8. The matter was continued to February 20, 2013, to determine if defendant was amenable to supervised probation.

3

On February 20, 2013, the trial court revoked defendant's probation and imposed the previously suspended four-year state prison sentence. The court awarded defendant a total of 466 days of credit for time served, consisting of 233 actual days and 233 days of conduct credit under Penal Code section 4019.

On February 21, 2013, defendant filed a timely notice of appeal. Defendant indicated that "[t]his appeal is after a contested violation of probation." (Pen. Code, § 1237, subd. (b).)

## STATEMENT OF FACTS[1]

Defendant's terms of probation included the following: "Report to the Prob[ation] officer in person immediately upon release from custody and thereafter once every fourteen (14) days or as directed" (Term No. 3); "[c]ooperate with the probation officer in a plan of rehabilitation and follow all reasonable directives of the probation officer" (Term No. 4); and "[k]eep the probation officer informed of place of residence and cohabitants and give written notice to the probation officer twenty-four (24) hours prior to any changes. Prior to any move provide written authorization to the Post Office to forward mail to the new address" (Term No. 8).

Defendant's probation officer testified that defendant had failed to report for their first scheduled appointment on October 1, 2012. On October 3, the officer conducted a compliance check at defendant's address listed in the probation file. Defendant's younger brother answered the door and informed the officer that defendant no longer

_____

[1] Because this appeal is after a contested violation of probation, the facts of the underlying offense are not relevant to this appeal.

4

lived at the residence. When the officer inquired as to whether defendant's belongings were still at the residence, the boy pointed to the living room closet and stated that defendant had taken his belongings. Defendant had not notified the probation officer that he had moved from his registered address.

The following day, defendant's biological mother spoke with the probation officer by telephone and stated that defendant had moved out of the house. The mother said that defendant was "barely staying there," that she had let him use her address for probation, but that he had moved all his things out, and that she believed he was staying with his girlfriend. A few days later, defendant's foster mother contacted the probation officer and advised the officer that she believed defendant was staying with his girlfriend.

On November 27, 2012, the probation officer located defendant in jail. Defendant told her that he had moved out of his mother's house because he and his mother were not getting along, and that he had moved in with his girlfriend. When the officer advised defendant that he had a duty to notify the probation officer of his change of address, he acknowledged his obligation and did not deny that he had failed to do so. Defendant also admitted that he had missed the scheduled appointment on October 1, 2012. Defendant stated that during the time he had been living with his girlfriend, he worked and took the bus to work. He had also been staying with various friends to facilitate his commute to work.

Defendant's biological mother testified that from the end of September to the first part of October 2012, defendant worked "at a pallet yard in Montclair" and resided with her in San Bernardino, unless his work schedule made it too difficult for him to do so.

5

Defendant slept on the sofa. She also stated that defendant had a difficult commute, which required him to walk, as well as take a train and bus to get to work. She added that defendant kept some of his belongings in her living room. Under cross-examination, defendant's mother denied telling the probation officer that her son had moved out.

One of defendant's coworkers testified that he had worked with defendant since July 2012. The coworker testified that defendant was "a very hard worker [and] he would get there on time and do what needed to be done." He further stated that defendant was a "valued" employee and was welcome "back to work any time."

At the conclusion of the hearing, the court stated that defendant had clearly violated his probation by failing to report and cooperate with his probation officer. The court, however, stated, "[w]hether or not he's amenable [to probation reinstatement] is a different question and a tougher one, perhaps." Defense counsel claimed that defendant was working to pay off his court-imposed fines, but the court interjected that there was no evidence that the fines were being paid. Defense counsel continued that defendant was working, was "willing to commit himself to a schedule," and had "[a]ll of the requisite tools . . . to succeed on probation." Defense counsel asked that defendant be given a second chance.

In opposition, the prosecutor argued that defendant had shown an utter disregard for complying with the terms of his probation, there had not been any indication that defendant had made a single payment on his restitution, and defendant's reasons for moving around were conflicting.

6

The court found defendant to be in violation of Term Nos. 3, 4, and 8 of his probation and continued the hearing to February 20, 2013, in order to "reread the probation report and consider the testimony offered" at the hearing.

The probation officer stated in the report: "The defendant's criminal history includes felony convictions, prior probation grants, prior prison commitments and probation and parole violations. He was completely aware of the expectations of his probation grant and of the consequences should he fail to cooperate with the terms and conditions of probation." Despite defendant's expressions of interest in turning his life around, "defendant appears to be very irresponsible and misguided," and had "almost exhausted his local custody time." The officer recommended that defendant's probation remain revoked and that his four-year prison sentence be reinstated.

On February 20, 2013, the trial court announced its sentencing decision. The court stated that it had considered several factors in this case and had weighed the factors both in favor of and against reinstating probation. The court indicated that if defendant had come in with a clean record, it might be inclined to give him a second chance. However, defendant had previously been on probation and had admitted to serving a prior prison term. Those facts, combined with the seriousness of the offense, convinced the trial court that the previously suspended sentence should be executed.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

7

the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P.J.

We concur:


RICHLI
J.


KING
J.